IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. McATEE, | No. C 11-6695 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES HARTLEY, Warden, | (Docket No. 2) |
| Respondent. | |

### INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the constitutionality of his state court sentence. He has applied for leave to proceed in forma pauperis. For the reasons stated below, the petition is **DISMISSED** for failure to state a cognizable claim for relief.

### ANALYSIS

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall

set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that his attorney provided ineffective assistance of counsel at sentencing. Specifically, he complains that she failed to research a legal issue that would have prevented the sentencing judge from recusing himself and petitioner from being sentenced by a different judge.

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

The Supreme Court has not decided what standard should apply to counsel's performance in non-capital sentencing proceedings. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005). *Strickland* declined to "'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance,'" and no later Supreme Court decision has done so, either. *Ibid.* (quoting *Strickland*, 466 U.S. at 686). Consequently, there is no "clearly established" Supreme Court precedent governing ineffective assistance of counsel claims in the noncapital sentencing context, and federal habeas relief is not available under Section 2254(d)(1) on the basis of such claims. *See Davis v. Grigas*, 443 F.3d 1155, 1158-59 (9th Cir. 2006); *Cooper-Smith*, 397 F.3d at 1244-45. Petitioner's claim does not implicate Section 2254(d)(2). Accordingly, petitioner's claim does not present any cognizable basis for federal habeas relief.

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**. Petitioner's application to proceed in forma pauperis is **GRANTED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 27, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\MCATEE6695.DSM.wpd